**26IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BYRON BUTCHER, et al.** | : | |
| | : | |
| **v.** | : | **Civil No. 5:25-cv-07381-JLS** |
| | : | |
| **GREGORY J. MORRIS, et al.** | : | |

**MEMORANDUM**

**SCHMEHL, J. - */s/ JLS*** **AUGUST 26, 2026**

*Pro se* Plaintiffs Byron K. Butcher and Crystal M. Morris brought this "civil rights and state-law action arising from the unlawful seizure, forced sale, conversion and dissipation of estate property belonging to the Estate of the Decedent, and the deprivation of Plaintiff's constitutional and property rights." [ECF 18, p.1.] In the First Amended Complaint ("FAC"), Defendants are simply identified as Gregory J. Morris, John M. Ashcraft, III, Andrea E. Naugle, Keller Kline, III, Lehigh County and Brian Johnson. The First Amended Complaint purports to assert the following seven causes of action: "42 U.S.C. § 1983 – Procedural Due Process" (Count One); "Conspiracy to Deprive Civil Rights" (Count Two); "Monell Liability" (Count Three); "Conversion" (Count Four); "Breach of Fiduciary Duty" (Count Five); "Fraud / Fraud on the Court" (Count Six); and "Unjust Enrichment" (Count Seven). [ECF 18, pp. 8-9.] However, the FAC does not specify which of these Counts apply to which Defendants. The FAC also seeks compensatory damages, punitive damages, value of the estate property, value of converted funds, funeral reimbursement, litigation costs, and attorney's fees. Most of the Defendants have filed motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for, *inter alia*, failure to comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure. For the reasons that

follow, the motions are granted and the First Amended Complaint will be dismissed without prejudice to Plaintiff filing a Second Amended Complaint.

When considering a motion to dismiss pursuant to Rule 12(b)(6), a district court conducts a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of the plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The court, however, may ignore legal conclusions or factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

The Court has the power to dismiss a complaint that fails to comply with Rule 8 of the Federal Rules of Civil Procedure. *See Ala' Ad-Din Bey v. United States DOJ*, 457 F. App'x 90, 91 (3d Cir. Jan. 11, 2012) (per curiam) (affirming district court's dismissal). Rule 8(**a**)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Each averment must be "simple, concise,

and direct." Fed. R. Civ. P. 8(d)(1). "Taken together," Rules 8(a) and 8(d)(1) "underscore the emphasis placed on clarity and brevity by the federal pleading rules." *In re: Westinghouse Sec. Litig.*, 90 F.3d 696, 702 (3d Cir. 1996) (citation omitted). Dismissal pursuant to Rule 8 has been found warranted where a complaint is rambling, unclear, and/or unwieldy. *See Trillo v. Kent*, 477 F. App'x 881, 882 (3d Cir. Sept. 6, 2012) (per curiam). Dismissal under Rule 8 has also been held proper when a complaint "left the defendants having to guess what of the many things discussed constituted [a cause of action]." *Binsack v. Lackawanna Cnty. Prison*, 438 F. App'x 158, 160 (3d Cir. July 21, 2011) (per curiam).

While *pro se* pleadings are liberally construed and held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), "*pro se* litigants still must allege sufficient facts in their complaints to support a claim," *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013)), and *pro se* litigants are not exempt from complying with federal pleading standards. *See Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010).

The First Amended Complaint consists of a hodgepodge of disconnected allegations against the Defendants. Plaintiffs fail to specify what, if any, actions taken or not taken by any Defendant are directly or proximately related to any of the seven causes of action. As a result, Defendants are not able to respond to the First Amended Complaint in a meaningful manner. In addition, Plaintiffs do not allege how any of the Defendants acted under color of state law for purposes of §1983.[1] Nor do Plaintiffs allege a concise, chronological order of the dates the alleged actions occurred for purposes of the applicable statutes of limitations. It also is unclear

[1] In order to establish a claim under the statute, a plaintiff "must demonstrate a violation of a right secured by the Constitution and the laws of the United States [and] that the alleged deprivation was committed by a person acting under color of state law." *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995) (citation omitted).

which of the two Plaintiffs is being referred to when an allegation identifies "Plaintiff" individually. [ECF 18 at ¶¶ 7-8, 11, 15, 19, 21, 32, 39.] Moreover, the Plaintiffs' voluminous exhibits [ECF 30 and 31], do not, without the required "short and plain statement," communicate the nature of any of their claims and would, in any event, be insufficient to satisfy Rule 8(a).

Even holding the allegations in Plaintiffs' *pro se* First Amended Complaint "to less stringent standards than formal pleadings drafted by lawyers," results in the Court having to dismiss this matter. However, given the Plaintiffs' *pro se* status, the Court does believe that any dismissal should be without prejudice to Plaintiff's right to file a second amended complaint addressing the deficiencies the Court has identified in the First Amended Complaint.[2]

[2] If Plaintiffs elect to file a Second Amended Complaint, they must serve the Defendants in accordance with Rule 4(e) of the Federal Rules of Civil Procedure and not by certified mail.